Judge Map-shall
delivered the Opinion of the Court.
Passmore—holding a-note, executed by Joseph Hale, Samuel Hale and Thomas Hale, (in which it seems Joseph Hale was the principal)—after the death of Thomas Hale, instituted a suit and recovered, judgment upon the note, against the administrator and heirs of Thomas Hale, and issued execution thereon, which was levied on a tract of land descended to the heirs. Before this land was sold, Joseph Hale, the principal debtor, paid to Pass-more, at different times, twenty-five dollars and forty cents, and thirty dollars, which Passmore received as a part of the same debt, and to be credited thereon. Notwithstanding these payments, the land was sold, *71 and a sale bond taken, payable to Passmore, for the ■whole amount of the execution, without any diminution on account of the above mentioned sums. The whole amount of the sale bond was afterwards paid by the obligor therein, to the attorney of Passmore, who is admitted to have been authorized to receive it for him, and who endorsed a receipt in full upon the bond.
The creditor’s atto. receives the money; pays his client only the balance due him, and applies the surplus to other demands against the surety’s estate, for which there are judgments against the adm’r only: this act of the atto. was, in effect, the act of the client; and being done without the assent of the prin cipal, or of the heirs; the arrangement does not exonerate the creditor from his liability to refund to the debtor— who still remains liabletothe heirs for the amount for which their, land was sold to pay his debt — If the liability had been to the adm’r, (instead , of the heirs) and he had assented to the arrangement, the principal would have had the benefit of all he paid, and could have recovered noth, ing back.
Joseph Hale brought this action to recover back from Passmore, the sum of fifty-five dollars and forty cents, paid by Hale to Passmore, as above stated, as so much money had and received to the plaintiff’s use; and the foregoing facts form part of an agreed case, on which the Court gave judgment for the defendant.
We think it entirely clear, that upon the facts as above stated, the cause of action was completely made out, and the plaintiff was entitled to judgment. He had paid money to be applied to his'debt, but the defendant, instead of so applying it, went on to coerce the entire debt, selling the property of another co-obligor and security for the same, and of course, held the money paid by Joseph Hale for the use of the latter.
But it further appears from the agreed case, that when the obligor in the sale bond offered to pay off the same to Passmore’s attorney, the latter stated, that a part of the money, (fifty-five dollars) due on the judgment, had been received by Passmore, from Joseph Hale, and made some objection to receiving the whole amount of the bond; but the obligor insisting upon discharging his bond, the attorney received the whole amount, and receipted for it on the bond, saying, at the same time, that he would apply the surplus to other claims against the estate of Thomas Hale, and for which, judgment had been obtained against his administrator; and it was agreed that the attorney had in fact applied the surplus to the other demands above referred to, and had paid to Passmore only so much as was due to him in addition to fifty-five dollars; but that neither the plaintiff, nor the representatives of Thomas Hale, assented to any part of this transaction; and it is supposed that these facts were s-uch as to defeat the plaintiff’s right of recovering the money, and therefore authorize the judgment.
*72 But we entertain a different opinion. The act off Passmore’s attorney was in effect his own act. And it is the same as if he had x-eceived the whole amount of the sale bond in his own hand, and receipted for it: . ' i * axxd the only question is, whether his assuming the right to appropriate it to another demand against the administrator of Tí Hale, discharges him from the demand of the pi'esent plaintiff.
If the liability of Joseph Hale, in consequence of the satisfaction of his debt by judgment and execution against his security, had accrued in favor of the administrator, and if the administrator had consented to the appropriation which was made of the proceeds of the execution, then, as the liability of Joseph Hale to him would have been extinguished, and as Joseph Hale would in effect have obtained the full benefit of his. payment of the fifty-five dollar's and forty cents to the de? fendant, he could have no right to recover it back.
But neither of these assumptions isv true in the present case. For in the first place, the admiiiistrator has not in fact coxxsentéd to the appropriation made of the proceeds of the execution; axxd in the next place, the debt of Joseph Hale was paid, not by the administrator Of Thomas Hale, but by his heir's. His liability, therefore, accrued to the heirs, and not to the administrator, find if it could be discharged by the administrator, which is not admitted* nothing has been done by him which caix have that effect, and nothing is pretended to have been done by the heirs. It follows that the liability of Joseph Hale to the heirs still continuing, he has a right to recover the fifty-five dollars and forty cents, paid to the defendant, and the Court ex'fed in not rendering judgment for him accordingly;
The judgment is reversed, and the cause remanded, with insti'uctions to render a judgment on the agi’eed case, in favor o'f the plaintiff, according to the principles of this opinion.